IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-22-D

MARIA D. SALINAS, also known as )
Maria D. Penalo, and NELSON S. CEKIN, )
                                                                    )
                       Appellants, )
         v.                          )          **ORDER**
                                                                   )
US BANK NATIONAL ASSOCIATION, )
                                                                   )
                       Appellee. )

       In 2006, Maria D. Salinas ("Salinas") purchased a residence in Raleigh, North Carolina. She financed the purchase with a $187,128.00 note, secured by a deed of trust. See [D.E.2-1]. In 2009, Salinas defaulted on her loan. On December 7, 2009, the Wake County Clerk of Court entered a foreclosure order concerning Salinas's residence. See [D.E. 2-5] 2; see also N.C. Gen. Stat. § 45-21.16.[1] On March 16, 2011, a foreclosure sale was held. US Bank National Association ("US Bank"), as Trustee for Citigroup Mortgage Loan Trust 2006-WFHE3, Asset-Backed Pass-Through Certificates, Series 2006-WFHE3, by and through Wells Fargo Bank, N.A., was the high bidder, and no upset bids were submitted. See [D.E. 2-5]; [D.E. 2-3]. On March 30, 2011, US Bank took title to the property and currently owns it. See [D.E. 2-5].

       On July 20, 2011, the Wake County Clerk of Court held a hearing on Salinas's motion to set aside the foreclosure order and the order of sale. See N.C. R. Civ. P. 60. On August 4, 2011, the

---

[1] The court takes judicial notice of the Wake County Clerk of Court's order, including the findings of fact, and the subsequent state-court adjudications of Salinas's motion for relief under Rule 60 of the North Carolina Rules of Civil Procedure. See Fed. R. Evid. 201.

Wake County Clerk of Court denied the motion. Salinas appealed to the Wake County Superior Court, but on November 16, 2011, the state court dismissed the appeal as untimely. See N.C. Gen. Stat. § 45-21.16.

On March 25, 2012, Salinas filed a petition for relief under chapter 13 of the Bankruptcy Code. The automatic stay prevented US Bank from evicting her. See 11 U.S.C. § 362(a).

On March 30, 2012, US Bank filed with the United States Bankruptcy Court for the Eastern District of North Carolina ("Bankruptcy Court") a motion for relief from the stay to proceed with eviction procedures against Salinas and Nelson S. Cekin (the "stay relief motion"). See [D.E. 2-1]. On April 16, 2012, Salinas and Cekin filed a response opposing US Bank's stay relief motion. See [D.E. 2-4]. On November 7, 2012, the Bankruptcy Court heard oral argument on the stay relief motion. See [D.E. 5]. On November 8, 2012, the Bankruptcy Court granted the stay relief motion and modified the automatic stay to permit US Bank to proceed with eviction procedures (the "stay relief order"). See [D.E. 2–5].

On November 21, 2012, Salinas and Cekin filed a notice of appeal of the Bankruptcy Court's stay relief order. See [D.E. 1]. Salinas and Cekin did not file a motion or otherwise seek to stay the stay relief order pending the appeal. While the appeal was pending, US Bank proceeded with eviction, and Salinas and Cekin no longer reside in the residence.

On March 15, 2013, Salinas voluntarily converted her bankruptcy case to one under chapter 7. Richard Sparkman was appointed as the chapter 7 Trustee for her bankruptcy estate.

On April 1, 2013, Salinas and Cekin filed a brief in support of their appeal from the stay relief order [D.E. 20]. On May 3, 2013, US Bank filed a brief in opposition to the appeal [D.E. 23]. On August 15, 2013, after being directed to show cause, Salinas and Cekin filed a reply brief [D.E. 33].

The court has reviewed the record under the appropriate standard of review. See, e.g., Fairchild Dornier GMBH v. Official Comm. of Unsecured Creditors (In re Official Comm. of Unsecured Creditors for Dornier Aviation (N. Am.), Inc.), 453 F.3d 225, 231 (4th Cir. 2006). US Bank owns the property. Salinas and Cekin did not seek or obtain a stay, no longer own or occupy the property, and do not have a possessory interest in the property. As such, the appeal is equitably moot. See, e.g., In re Shawnee Hills, Inc., 125 F. App'x 466, 469–70 (4th Cir. 2005) (per curiam) (unpublished); Mac Panel Co. v. Va. Panel Corp., 283 F.3d 622, 625–27 (4th Cir. 2002); Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc., 841 F.2d 92, 93, 95–96 (4th Cir. 1988); see also Riley v. Robey, 25 F. App'x 149, 152–53 (4th Cir. 2002) (per curiam) (unpublished); In re 255 Park Plaza Assocs. Ltd., 100 F.3d 1214, 1216–19 (6th Cir. 1996); In re March, 988 F.2d 498, 499 (4th Cir. 1993).

Alternatively, even if the appeal is not equitably moot, the court affirms the decision of the Bankruptcy Court. Based on the underlying state-court records and the evidence presented at the November 7, 2012 hearing, the Bankruptcy Court's factual finding related to US Bank as party-in-interest was not clearly erroneous. See [D.E. 5]; [D.E. 2-3]; [D.E. 1-1]; see also Fairchild, 453 F.3d at 231. Because US Bank was the proper party to file the stay relief motion, the Bankruptcy Court properly granted the stay relief motion.

Finally, to the extent that Salinas urges this court to find error in the state-court foreclosure proceeding, the Rooker-Feldman doctrine bars this court from sitting in direct review of North Carolina's trial or appellate courts. See, e.g., Lance v. Dennis, 546 U.S. 459, 460 (2006) (per curiam); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997). Salinas's recourse to appeal the foreclosure order was through the North Carolina state courts. See, e.g., Merrill Lynch Bus. Fin.

Servs., Inc. v. Cobb, No. 5:07-cv-129-D, 2008 WL 6155804, at *3–4 (E.D.N.C. Mar. 18, 2008) (unpublished). The court takes judicial notice of the state-court orders of August 4, 2011, and November 16, 2011, that denied Salinas relief from the foreclosure order. See Fed. R. Evid. 201. Having unsuccessfully exhausted her options in state court, Salinas may not now use this court or the bankruptcy court to challenge the foreclosure.

In sum, the appeal is DISMISSED AS EQUITABLY MOOT. Alternatively, the decision of the bankruptcy court is AFFIRMED. The clerk shall close the case.

SO ORDERED. This 22 day of August 2013.

JAMES C. DEVER III
Chief United States District Judge